**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD P. NISKEY AND HEIDRON E. LABRIE, | |
| Plaintiffs, | Civil Action No. 14-10 (MAS) (TJB) |
| v. | **MEMORANDUM ORDER** |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | |
| Defendant. | |

**SHIPP, District Judge**

This matter arises from a dispute about the terms of a homeowners' insurance policy. The policyholders, Plaintiffs Edward P. Niskey and Heidron E. Labrie, allege that Defendant Liberty Mutual Fire Insurance Company wrongfully refused coverage for the damage Super Storm Sandy wrought on their New Jersey home. The Complaint, which Plaintiffs filed in New Jersey Superior Court, does not demand judgment in a specified amount.

Defendant removed the matter to this Court, asserting federal jurisdiction on the basis of diversity. *See* 28 U.S.C. § 1332. The company now moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiffs' demand for attorney's fees. (Def. Mot., ECF No. 4.) In opposition, Plaintiffs contend that removal was improper because their claims do not meet the $75,000 jurisdictional threshold set forth in 28 U.S.C. § 1332. (Opp'n, ECF No. 10.) Defendant disputes Plaintiffs' valuation in its reply. (Reply, ECF No. 12.)

The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the

Court concludes that Defendant failed to establish a basis for diversity jurisdiction. Accordingly, this matter must be remanded to state court.

Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). In this case, the parties' diversity is undisputed. The sole issue before the Court, then, is whether Plaintiffs' compensable damages amount to at least $75,000. As the party that removed the action from state court, Defendant bears the burden of establishing federal jurisdiction. *Federico v. Home Depot*, 507 F.3d 188, 193-94 (3d Cir. 2007). To sustain removal, the Court must find by a preponderance of the evidence that the jurisdictional threshold is satisfied. 28 U.S.C. § 1446(c)(2); *Howard v. Robinson*, No. 13-206, 2013 WL 776245, at *2 (D.N.J. Feb. 27, 2013).

As noted above, the dispute in this case centers on Defendant's contractual obligation to compensate Plaintiffs for Sandy-related property damage. The Complaint sets forth the maximum coverage afforded under Plaintiffs' policy (Compl. ¶ 12), but does not attach a monetary value to Plaintiffs' losses. In accordance with New Jersey Court Rule 4:5-2, Plaintiffs do not demand judgment for a specific amount. Instead, each count of the Complaint concludes with a standard prayer for "monetary judgment in an amount to be determined at the jury trial of this action, prejudgment interest, attorney's fees . . . costs of suit, and other such further relief . . . as the Court may deem just and proper." (Compl. ¶¶ 8, 10, 12.)

Defendant's Notice of Removal is equally ambiguous on the issue of damages. The notice simply re-states the coverage limits referenced in the Complaint and observes that "Plaintiffs demand judgment for a declaration that they are entitled to policy benefits [and] compensatory damages." (Notice of Removal, ECF 1, ¶ 5.)

Plaintiffs now contend that removal was improper because their claim does not satisfy the $75,000 threshold. To substantiate this assertion, Plaintiffs have submitted a consulting firm's report that estimates the cost of repairing their property at $44,614.93. Defendant responds that if the repair cost is "aggregated with attorneys' fees" of thirty percent, "the dollar amount of Plaintiffs' alleged damages and fees is $57,999.40." (Reply 3.) The remaining $17,000, Defendant speculates, could come in the form of "unquantified" compensatory or consequential damages. (*Id.*)

Defendant's position is untenable. At the outset, Defendant includes attorney's fees in its calculation despite its categorical assertion that "Plaintiffs are not entitled to attorneys' fees from Liberty Mutual in this dispute." (Reply 5.) More importantly, Defendant produces no evidence to support its suggestion that Plaintiffs suffered additional, "unquantified" losses in any amount. Under the circumstances, the preponderance of the evidence decisively favors remand. Accordingly,

IT IS on this 28th day of August, 2014, hereby **ORDERED** that:

1. This action is remanded to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(d).

2. The Clerk of the Court will terminate all pending motions and mark this matter closed.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**